**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| TRISTAR PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TELEBRANDS CORP., <br> WHELE LLC d/b/a PERCH, and <br> JEFFREY L. SNOW, <br><br> Defendants. | Case No.: <br> **3:24-cv-00238-MCR-HTC** |

## DEFENDANT TELEBRANDS CORP.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND MEMORANDUM OF LAW

Defendant Telebrands Corp. ("Telebrands"), by and through the undersigned counsel, hereby moves this Court for entry of an Order of sanctions against Plaintiff Tristar Products, Inc. ("Tristar") and its counsel, Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), under Rule 11 of the Federal Rules of Civil Procedure, for reasonable attorney's fees and costs incurred in defending against the Complaint (ECF No. 1) filed by Tristar and its counsel and this Motion.

## PRELIMINARY STATEMENT

In their Complaint, Tristar and its counsel make incredibly aggressive, "over the top" claims of wrongdoing and fraud against Telebrands and its co-defendants, casting what is fundamentally a patent infringement and licensing dispute between the parties as something grander and far more sinister. Their Complaint, for instance, asserts that Telebrands—one of the world's largest "As Seen on TV"

companies which has serviced consumers for over 40 years—is a racketeering organization engaging in federal crimes leading to civil RICO violations; that Telebrands entered into a conspiracy with one of its competitors (Whele LLC d/b/a Perch) to cause harm to Tristar; that Telebrands wrongfully induced an entity (Ragner Technology Corp. ("Ragner")) to terminate its patent license agreement with Tristar, also to harm Tristar; and that Telebrands and its attorney conspired to intentionally defraud the U.S. Patent and Trademark Office ("PTO"), again with the aim to harm Tristar.  In short, the Complaint does not describe a mere business dispute, but instead makes Telebrands and its lawyer out to be alleged criminal masterminds, acting in the "cloak of darkness" and "carr[ying] out their plans in secret" (ECF No. 1 at 1, 2), and a harmful menace to all businesses and customers who have the misfortune of coming in their path.

One would think that before making such outrageous and salacious allegations in a federal court action, Tristar and its lawyers would have gathered compelling evidence in the form of documents and witnesses to support these alleged illegalities. Unbelievably, this is not the case.  Instead, Tristar's entire case is based on speculation and innuendo, as Telebrands' Motion to Dismiss and Reply (ECF Nos. 29, 56) show, revealing that Tristar and its counsel wholly lacked a good faith factual basis for the claims asserted.  Those motion papers also show that Tristar and its counsel are pursuing legal claims plainly barred by well-established legal doctrines,

2

something Tristar's counsel surely knew.

But the reasons to sanction Tristar and its counsel do not end there. The broader context in which Tristar and its counsel filed the Complaint here further shows the full scale of how outrageously egregious and sanctionable Tristar and its counsel's conduct is here. *See Dial HD, Inc. v. ClearOne Communications*, 536 F. App'x 927, 930 (11th Cir. 2013) (in determining whether the attorney acted in bad faith, it was proper to consider the attorney's conduct in related cases to demonstrate the attorney's "'overarching plan' to harass" the opposing party).

*First*, Tristar and its counsel's lack of evidentiary support for the claims in the Complaint is especially reprehensible and sanctionable because Tristar had a full and extended opportunity to conduct discovery directly relevant to the claims in the Complaint, through Tristar's Florida State court action against Ragner (2023 CA 898, Eighth Judicial Circuit, Alachua County), which plainly revealed insufficient evidence against Telebrands. Yet Tristar and its counsel proceeded with the Complaint anyway, without factual support from the discovery in the other case and fully aware that more discovery was still unlikely to yield support for the claims.

*Second*, the Complaint itself and the specific timing of its filing both show that Tristar and its counsel filed the Complaint for the outrageously improper tactical purpose of interfering with and disrupting the attorney-client relationship between Telebrands and its lead counsel in pending cases in New Jersey federal court.

Telebrands served this Motion for Rule 11 sanctions on Tristar through its counsel on December 11, 2024.  In response to this Motion, Tristar declined to withdraw its Complaint against Telebrands within 21 days of that service, leading to this filing.

## **ARGUMENT**

## **TRISTAR AND ITS COUNSEL SHOULD BE SANCTIONED FOR FILING A FACTUALLY AND LEGALLY BASELESS COMPLAINT FOR IMPROPER PURPOSES**

Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion or other paper to the court without evidentiary support or for "any improper purpose." *See* Fed. R. Civ. P. Rule 11 (b).

The standard is an objective one: whether a reasonable party would have acted in a particular way. *See Chambers v. NASCO Inc.,* 501 U.S. 32, 47 (1991). "The reasonableness of the conduct involved is to be viewed at the time counsel or the party signed the document alleged to be the basis of the Rule 11 sanction." *Sussman v. Salem, Saxon and Nielsen, P.A.,* 150 F.R.D. 209, 213 (M.D. Fla. 1993). The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir. 2001); *see also Sussman*, 150 F.R.D at 213 ("this Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4)

4

streamlining court dockets and facilitating case management").

In the Eleventh Circuit, "three (3) types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law; and (3) when a party files a pleading in bad faith or for improper purpose." *Didie v. Howes,* 988 F.2d 1097 (11th Cir. 1993) (citations omitted). Rule 11 sanctions are mandatory when a signed paper is submitted to the court under the aforementioned conditions. *See Schramek v. Jones,* 161 F.R.D. 119, 122 (M.D. Fla. 1995). All three of these bases are applicable here.

Moreover, Rule 11 emphasizes a continuing obligation to make inquiries, and thus the rule allows sanctions when a party "insist[s] upon a position after it is no longer tenable." *Battles v. City of Ft. Myers,* 127 F.3d 1298, 1300 (11th Cir. 1997) (upholding a trial court's rule 11 sanctions order where litigant "did not make a reasonable inquiry prior to trial to ensure that he could procure evidence to support his client's positions."); *see also Turner v. Sungard Business Systems, Inc.,* 91 F.3d 1418 (1996) (holding Rule 11 sanctions were appropriate for continuing to advocate claim with knowledge that it was meritless).

Here, Tristar and its counsel are subject to Rule 11 sanctions because they had no reasonable factual basis for the highly aggressive and inflammatory claims in the

5

Complaint, pursued claims despite the existence of clear legal doctrines prohibiting the claims, and brought claims in bad faith for the improper tactical purpose of disrupting Telebrands' attorney-client relationship with its trusted counsel. Even after Telebrands' counsel outlined the meritless nature of the Complaint in its motion to dismiss and this Motion, Tristar and its counsel continued with the litigation rather than withdrawing it.

## I.  TRISTAR AND ITS COUNSEL FILED A COMPLAINT WITHOUT A GOOD FAITH FACTUAL BASIS

As Telebrands' Motion to Dismiss and Reply (ECF No. 29, 26) make clear, the Complaint utterly lacks factual support, and instead relies entirely on speculative "upon information and belief" pleadings to make out the causes of action. The Complaint's introduction even admits this, asserting that Telebrands and its co-defendants operated in "darkness," which needs to be brought "into the sunlight" (ECF No. 1 at 1), an admission that Tristar and its counsel do not actually have sufficient facts to support their claims.

For example, and as more fully illustrated in the Motion to Dismiss and Reply, the Complaint contains the following glaring and gaping factual deficiencies:

- **Tortious Interference**: The Complaint fails to allege any specific, non-speculative facts that Telebrands actually played any role in inducing Ragner's alleged breach of the license agreement with Tristar. *See* ECF No. 29 at 12-13; ECF No. 56 at 10-11.

6

- **<u>Tortious Interference</u>**: The Complaint fails to allege any specific, non-speculative facts that Telebrands employed some type of "wrongful means" with an "absence of justification or privilege" to induce Ragner's alleged breach of the license agreements. *See* ECF No. 29 at 10-11; ECF No. 56 at 7-8.

- **<u>Conspiracy With Perch</u>**: The Complaint fails to allege any specific, non-speculative facts that Telebrands and Perch even communicated with each other, much less regarding the Ragner-Tristar license agreement, prior to the complained of termination of the agreement in August 2022. *See* ECF No. 29 at 13-16; ECF No. 56 at 10-11.

- **<u>Fraud</u>**:  The Complaint fails to allege that Telebrands ever made false statements to or directed at Tristar, or Tristar ever relied on any alleged false statements to its detriment or otherwise, which are two key elements of a fraud claim. *See* ECF No. 29 at 21-22; ECF No. 56 at 11-12.

- **<u>RICO</u>**: The Complaint fails to allege any specific, non-speculative facts amounting to anything remotely akin to an "enterprise" or "pattern of racketeering activity" in order to support a civil RICO claim. *See* ECF No. 29 at 24-26; ECF No. 56 at 12-13; *Kaye v. D'Amato*, 357 F. App'x 706, 717 (7th Cir. 2009) (affirming Rule 11

sanctions based on a twice-deficient RICO complaint where, among other things, the first complaint's fraud allegations were not pled with particularity: "Although [plaintiff] alleges that Defendants engaged in unethical activities, it is not the kind of activity a RICO cause of action requires. Congress enacted RICO to target long-term criminal activity, not as a means of resolving routine commercial disputes.") (internal citations omitted)).

These and other factual holes in the pleadings reveal that Tristar and its counsel lacked a good faith factual basis to believe Telebrands engaged in any conduct that could make it liable for any of the counts in the Complaint. Tristar and its counsel should be sanctioned for proceeding with a Complaint when they lacked a good faith factual basis for the claims. *See Manhattan Const. Co. v. Place Properties LP*, 559 F. App'x 856 (11th Cir. 2014) ("[S]anctions premised on factually groundless allegations are appropriate when 'plaintiffs offered no evidence to support their allegations.'") (*quoting Davis v. Carl*, 906 F.2d 533, 536 (11th Cir. 1990)); *see also Worldwide Primates v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) ("Rule 11 sanctions are proper . . . when a party files a pleading that has no reasonable factual basis. . .") (internal quotations and citations omitted); *Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992) ("Rule 11 'stresses the need for some prefiling inquiry. . . .'") (*quoting Donaldson v. Clark*, 819 F.2d 1551,

1555 (11th Cir. 1987) (en banc)).

**II.    BASED ON SUBSTANTIAL DISCOVERY ALREADY CONDUCTED IN THE FLORIDA STATE ACTION, TRISTAR AND ITS COUNSEL KNEW FULL WELL THAT THEY LACKED A GOOD FAITH FACTUAL BASIS FOR THE CLAIMS HERE AND THAT THERE WAS NO REASON TO BELIEVE DISCOVERY WOULD YIELD SUPPORT FOR THE CLAIMS**

Tristar and its counsel's lack of good faith factual basis to bring the Complaint is even more egregious and sanctionable because before filing the Complaint, Tristar had already conducted extensive discovery directly relevant to the claims in the Complaint, in a prior-filed case, and plainly found insufficient evidence, as shown in the pleadings, yet filed the Complaint anyway.

Tristar's Complaint in this action focuses in substantial part on the termination, on August 11, 2022, by Ragner of the 2012 and 2015 license agreements between Ragner and Tristar (including subsequent amendments) (the "Ragner-Tristar License"), and Telebrands' alleged role and wrongdoing in connection with that termination. *See* ECF. No. 1, ¶¶ 12-38, 50-65, 121-152. On August 12, 2022— the day after Ragner's termination—Tristar sued Ragner in New Jersey federal court (Index No. 3:22-cv-05043, District of New Jersey) for this exact same event, alleging breach of contract and breach of the implied covenant of good faith and fair dealing, based on Ragner's same termination of the Ragner-Tristar License on

August 11, 2022.[1]

Tristar subsequently dismissed the New Jersey complaint, which had failed to allege subject-matter jurisdiction, and re-filed the action in Florida state court (2023 CA 898, Eighth Judicial Circuit, Alachua County, Florida) (the "Florida State Action"), and that Florida State Action proceeded through full discovery, including discovery on the interactions between Ragner and Telebrands leading up to Ragner's termination of the Ragner-Tristar License on August 11, 2022.[2]    The scope of discovery in the Florida State Action was extensive: the public docket for the Florida State Action, for example, shows that Tristar and Ragner *each* listed over 500 trial exhibits for the upcoming trial, including an extensive number of emails and documents directly relevant to the claims here.[3]    On October 14, 2024, after the parties had submitted summary judgment motions, pre-trial memoranda, and trial exhibits, and the Florida state court had scheduled the case for trial, Tristar dismissed the Florida State Action with prejudice.[4]

The fact that Tristar had access to all of that discovery directly relevant to the same allegations of wrongful conduct at issue in this case, yet could only plead a Complaint with purely speculative claims of wrongdoing by Telebrands, and subsequently dismissed the case against Ragner with prejudice, all shows that Tristar

---

[1] *See* Exh. 1 (docket, Index No. 3:22-cv-05043, District of New Jersey)
[2] *See* Exh. 2 (docket, Florida State Action)
[3] *See* Exh. 3 (trial exhibit lists, Florida State Action).
[4] *See* Exh. 4 (dismissal with prejudice, Florida State Action).

and its counsel knowingly lacked any possible good faith factual basis for bringing the claims in the Complaint in this action.

Indeed, Tristar's counsel even acknowledged its factual deficiencies in statements on the record before the federal court in New Jersey on related pending cases made just weeks before the filing of the Complaint here.  On March 15, 2024, in connection with an application for discovery on Telebrands for several pending actions in the New Jersey federal court, Tristar stated in a court filing:  "Given the close proximity in time between Ragner's purported termination of the Tristar-Ragner Exclusive Licenses and execution of the Telebrands-Ragner Agreements, ***Tristar suspects that such communications commenced prior to Ragner's purported termination***—a fact that would be highly relevant to Tristar's state-law claims against Telebrands."[5]  Thus, in this filing (which echoed comments Tristar's counsel had previously made at a prior court conference), Tristar acknowledges that at that time, ***Tristar only suspected, and did not have actual evidence to support the claim*** of, any actual communications between Telebrands and Ragner prior to Ragner's termination of the Ragner-Tristar License, much less any wrongdoing in connection with those communications.  Yet, just weeks later, without obtaining any more information, Tristar filed this Complaint against Telebrands.

---

[5] *See* Exh. 5 (ECF No. 440, 2:13-cv-07752, District of New Jersey, page 6, FN 5) (emphasis added).

Based on the extensive discovery conducted in the Florida State Action, and Tristar's counsel's acknowledgment in the New Jersey federal court, Tristar and its counsel were well aware that they lacked a good faith factual basis for the claims brought against Telebrands here, making Rule 11 sanctions particularly appropriate. *See*, *e.g.*, *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) ("sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts'") (citations omitted); *Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997) ("[Rule 11] allows sanctions when an attorney continues 'insisting upon a position after it is no longer tenable.'") (*quoting* Fed. R. Civ. P. 11 advisory committee's note); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1105-06 (11th Cir. 2001) ("if, after dismissing a party's claim as baseless, the court finds that the party's attorney failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions even if the attorney had a good faith belief that the claim was sound.").

## III.   TRISTAR AND ITS COUNSEL PURSUED CLAIMS THAT WERE LEGALLY BARRED BY WELL-ESTABLISHED LEGAL DOCTRINES, AS TRISTAR'S COUNSEL SURELY KNEW

Not only did Tristar and its counsel lack a reasonable and good faith factual basis for the claims in the Complaint, but the claims are also barred by well-established legal doctrines and constitutional principles that sophisticated counsel such as Tristar's counsel here surely well knew.

As discussed more fully in the referenced motions, these legal doctrines

precluding the claims in the Complaint here include:

- **<u>Legal immunity</u>** for claims involving conspiracy between attorneys and their clients.  *See*, *e.g.*, ECF No. 31 at 18-19; *see also Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003) ("[A]s long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune…").

- **<u>Litigation or judicial privilege</u>** doctrines, because statements made in judicial proceedings are privileged from the exact types of subsequent lawsuits that Tristar brings here.  *See*, *e.g.*, ECF No. 29 at 17-18; ECF No. 62 at 15-16; *see also PayRange, Inc. v. KioSoft Techs., LLC*, No. 20-CV-20970, 2023 WL 4363887, at *9 (S.D. Fla. June 8, 2023) (finding absolute immunity for all statements "published in the course of judicial proceedings, regardless of how false or malicious the statements may be, as long as the statements bear some relation to or connection with the subject of inquiry"); *DelMonico v. Traynor*, 116 So.3d 1205, 1208 (Fla. 2013) (explaining that Florida provides a qualified immunity for "ex-parte, out-of-court statements" that "bear some relation to or connection with the subject of inquiry in the underlying lawsuit").

- The ***<u>Noerr-Pennington</u> doctrine***, since Tristar is trying to penalize Telebrands and its attorney for making public statements as legal advocates.  *See*, *e.g.*, ECF No. 62, 13-14; *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*,

795 F.2d 948, 955 (11th Cir. 1986) (applying *Noerr-Pennington* immunity to administrative and judicial proceedings).

- **Federal preemption**, barring Tristar's "fraud on the PTO claims" theory. *See*, *e.g.*, ECF No. 29 at 18; *Buckman Co., v. Plaintiffs' Legal Committee*, 531 U.S. 341, 347 (2001); *Abbott Labs. v. Brennan*, 952 F.2d 1346, 1357 (Fed. Cir. 1991).

In addition, and as discussed more fully in Jeffrey Snow's Motion for Rule 11 sanctions, which Mr. Snow served on November 12, 2024 and filed on December 5, 2024 ("Snow Rule 11 Motion"), Tristar's allegations about Telebrands' alleged wrongdoing before the PTO are both factually and legally wrong, in ways that any reasonable attorney practicing in the field should have known.  ECF No. 62 at 4-7.

For all of these reasons identified in the prior Motions to Dismiss and the Snow Rule 11 Motion, the claims against Telebrands in the Complaint are frivolous and sanctionable because they are legally prohibited by well-established doctrines of law, as Tristar's sophisticated attorneys/legal counsel surely well knew.  *See Diaz v. First Marblehead Corp.*, 643 F. App'x 916, 922 (11th Cir. 2016) (affirming sanctions where "a simple reading of the statute underlying Diaz's claim reveals that the amended complaint employed an objectively frivolous legal theory"); *DeSisto College, Inc. v. Line*, 888 F.2d 755, 761 (11th Cir. 1989) ("[counsel's] insistence on maintaining a legal stance untenable with our law demonstrates either an ignorance

14

of our law, and thus inadequate research, or some intent to mislead the trial court as to the present state of this Circuit's precedent, and thus bad faith"); *U.S. v. Milam*, 855 F.2d 739, 744 (11th Cir. 1988) (parties who "attempt to pursue civil litigation with legal theories apparently foreclosed by statute and precedent [ ] must do so with candor toward the court and a sense of whether their argument is appropriate and reasonable").

## IV.  TRISTAR AND ITS COUNSEL FILED THE COMPLAINT FOR IMPROPER STRATEGIC PURPOSES TO INTERFERE WITH JEFFREY SNOW'S ABILITY TO REPRESENT TELEBRANDS AS COUNSEL

Finally, and significantly, Tristar and its counsel not only filed a Complaint in this action without factual and legal basis to do so, but they also filed the Complaint for the outrageously improper tactical purpose of disrupting the attorney-client relationship between Telebrands and its longstanding outside counsel, Jeffrey Snow.

At the time Tristar filed the Complaint, there were five active actions pending in the District of New Jersey, referred to as the "Consolidated Cases," involving Tristar and Telebrands in which Jeffrey Snow was a lead counsel of record for Telebrands.[6]  Tristar and its counsel filed the Complaint here on May 22, 2024, one day before a long-scheduled status conference in the pending Consolidated Cases on

---

[6] The Consolidated Cases pending in the District of New Jersey are Index Nos. 13-cv-7752-EP-MAH, 15-cv-3163-EP-MAH, 15-cv-8185-EP-MAH, 16-cv-3594-EP-MAH, and 16-cv-3474-EP-MAH.

May 23, 2024.

The filing of the Complaint in this action, and naming of Jeffrey Snow as a co-defendant, immediately disrupted Mr. Snow's ability to represent Telebrands at the May 23, 2024 hearing and since.  As Mr. Snow's law firm noted in an emergency letter to the New Jersey court the morning of the May 23 status conference: "Jeffrey Snow is a represented party in the Florida action . . . [which means the] Fried Frank attorneys [representing Tristar] cannot communicate with a now-represented party in connection with the proceedings in the Consolidated Cases, where counsel for the parties are expected to speak with each other, meet and confer, and argue before the Court. N.J. RPC 4.2."[7]  When the New Jersey federal court convened the conference that day, the Magistrate Judge said he would avoid having "Fried Frank counsel [ ] speak directly with Mr. Snow," and invited the parties to "rectify" the situation by "having other counsel take the lead today."[8]  Disruptions and limitations like these on Jeffrey Snow's ability to represent Telebrands in the Consolidated Actions continue to this day.

This deliberate tactical decision by Tristar and its counsel to take the outrageous step of naming Telebrands' outside counsel, as a co-defendant, with the clear intention of disrupting the attorney-client relation in multiple ongoing actions

---

[7] *See* Exh 6 (ECF No. 450 in 13-cv-7752 matter).
[8] *See* Exh. 7 (Transcript of Hearing in District of New Jersey held on May 23, 2024 – pg. 1-7).

in New Jersey federal court, is an especially reprehensible tactic and a particularly appropriate reason to impose sanctions here. *See*, *e.g.*, *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (noting one goal of Rule 11 sanctions is to "to deter costly meritless maneuvers"); *United States v. Milam*, 855 F.2d 739, 742 (11th Cir. 1988) ("Rule 11 sanctions were designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.") (internal quotations and citations omitted).

## <u>CONCLUSION</u>

For the reasons set forth above, Telebrands respectfully requests that, pursuant to Rule 11, the Court award it the reasonable attorneys' fees and costs it has incurred and will continue to incur in the defense of the Complaint and for this Motion. Should the Court grant this Motion, Telebrands will provide the Court and all counsel with the information and materials necessary for the Court to determine the reasonable amount of such fees.

Dated: February 12, 2024        Respectfully submitted,

*s/David S. Stone*
David S. Stone
Kenneth S. Levine
STONE & MAGNANINI LLP
400 Connell Drive, Suite 6200
Berkeley Heights, NJ 07922
Tel:   (973) 218-1111
Fax:  (973) 218-1106
dstone@smcomplex.com


Jennifer Richardson
EMMANUEL SHEPPARD & CONDON
30 South Spring Street
Pensacola, FL 32502
(Tel) 850.444.3848
jrichardson@esclaw.com

*Attorneys for Defendant Telebrands
Corp.*

## <u>RULE 11(C)(2) CERTIFICATE</u>

Pursuant to Rule 11(c)(2), I hereby certify that on December 11, 2024, counsel for Plaintiff Tristar Products Inc. was served by e-mail and UPS Overnight Mail with a copy of the foregoing Motion for Sanctions, Declaration of Kenneth S. Levine, and exhibits thereto, together with a letter stating as follows:

> Pursuant to Fed. R. Civ. P. 11(c)(2), attached is a service copy of Defendant Telebrands Corp.'s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and exhibits, which we are providing to you. We demand that you dismiss with prejudice your claims against Telebrands Corp. within 21 days of the date of this letter. If you refuse to dismiss your claims against Telebrands Corp., we will proceed with filing the Motion for Sanctions with the Court.

All other counsel of record were also served via email with the foregoing papers on that date.

Dated: February 12, 2024                    Respectfully submitted,

                                                            *s/David S. Stone*
                                                            David S. Stone

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the 8,000 word limit set for by Local Rule 7.1(F). This document has 3,824 words excluding the caption, table of contents, table of authorities, signature blocks, and certificate of service. I have relied on the word count of the word processing system used to prepare this document.

Dated: February 12, 2024             Respectfully submitted,

                                                          _s/David S. Stone_
                                                          David S. Stone