UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**TRISTAR PRODUCTS, INC.,**

    **Plaintiff,**

v.                                                                            CASE NO. 3:24-cv-238-MCR-HTC

**TELEBRANDS CORPORATION,
WHELE LLC d/b/a PERCH, and
JEFFREY L. SNOW,**

    **Defendants.**

_____/

## ORDER

On April 14, 2025, the Court dismissed Tristar Products, Inc.'s Complaint. *See* ECF No. 81. Tristar's claims for tortious interference, conspiracy, and fraud were dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2), while its claims under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and federal antitrust laws, 15 U.S.C. § 15, were dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 69–70. Tristar subsequently filed a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). *See* ECF No. 84. Earlier, while the motions to dismiss were pending, Defendants Telebrands Corporation and Jeffrey L. Snow each moved for sanctions against Tristar and its counsel, Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried

Frank"). *See* ECF Nos. 62, 69. Both Telebrands and Snow invoked Federal Rule of Civil Procedure 11, arguing that Tristar's allegations were factually and legally frivolous and that the Complaint was filed for the improper purposes of avenging Tristar's recent "defeat" in the parties long-standing feud over valuable expandable garden hose patents, ECF No. 62 at 20, and strategically disrupting Telebrands' attorney-client relationship with Snow, ECF No. 69 at 15–17. Snow also claims that Fried Frank's conduct "unreasonably and vexatiously" multiplied these proceedings in violation of 28 U.S.C. § 1927 by naming him as a defendant in Tristar's antitrust claim and, after Fried Frank conceded he was named in error, declining to amend the Complaint. *See* ECF No. 62 at 4.

Rule 11 sanctions are intended to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001). They are warranted only when a party files a complaint that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021). The standard for assessing conduct under Rule 11 is "reasonableness under the circumstances," *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003), which

Page 3 of 7

requires courts to consider two things: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous," *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

"Unlike Rule 11, which is aimed primarily at pleadings, under Section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation." *See Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), *abrogated on other grounds as recognized by Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 n.10 (11th Cir. 2018) (citation modified). Section 1927 "is aimed at the unreasonable and vexatious multiplication of proceedings." *Id.* "An attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (citation modified); *see also Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) ("An attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." (citation modified)).

Notably, Tristar's voluntary dismissal of its remaining tortious interference, conspiracy, and fraud claims, *see* ECF No. 84, does not divest this Court of jurisdiction to consider the instant motions for sanctions, because a "violation of

CASE NO. 3:24-cv-238-MCR-HTC

Page 4 of 7

Rule 11 is complete when the paper is filed." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (internal citation and quotations omitted); *see also Hyde v. Irish*, 962 F.3d 1306 (11th Cir. 2020) (extending *Cooter & Gell*'s holding and concluding that "a district court may address a sanctions motion based on its inherent powers or § 1927 even if it lacks jurisdiction over the underlying case"). And now that this action has run its course, at least in this District, the time has come to address the pair of sanctions motions. *See Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987).[1]

The undersigned has given much thought to the present motions and carefully considered the law, the parties' arguments, and the circumstances that gave rise to this action. It should come as no surprise that, in the undersigned's view, the closer question was always whether sanctions might be appropriate, as opposed to whether Tristar's claims would survive dismissal. In the Court's sound discretion, however, neither species of sanctions are warranted here.

---

[1] Telebrands notes that Tristar sought leave to amend its complaint in one of the co-pending litigations in the District of New Jersey to add claims that this Court dismissed without prejudice. *See* ECF No. 85. That motion is currently pending. The undersigned has full confidence that its good and able colleagues in New Jersey will accord due consideration to the undersigned's previous ruling dismissing Tristar's claims.

CASE NO. 3:24-cv-238-MCR-HTC

On the Rule 11 front, the Court's conclusion is informed by three principles. One is that Rule 11 sanctions are "an extraordinary remedy" that must "be exercised with extreme caution." *Bigford v. BESM, Inc.*, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)). Two is that Rule 11 sanctions are not justified simply because a judge finds that an argument or theory of liability is wrong on the law. *See De Ford v. Koutoulas*, 2023 WL 3584077, at *4 (M.D. Fla. May 22, 2023) (observing that a court's conclusion "that repleader would be futile does not amount to a finding that litigants abused the judicial process by bringing their claims"). And three is that Rule 11 sanctions should not operate to "chill attorneys' legitimate enthusiasm and creativity in advancing legal and factual theories." *See Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991) (citation modified).

The flaws with Tristar's claims were myriad. *See* ECF No. 81. Some were potentially fixable, others were intractable. *Id.* One could convincingly argue that many of the dispositive warts on Tristar's case would have been obvious to a reasonable attorney conducting a cursory review of the applicable law. However, the Court is ultimately persuaded that the Tristar's claims were sufficiently novel to avoid sanctions under Rule 11. *See Baker*, 158 F.3d at 524 ("The purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of

first impression." (citation modified)). The paucity of authority addressing analogous circumstances and the fact that most of Tristar's claims arose at the intersection of complex areas of law (*e.g.*, antitrust, patent, and RICO) are crucial to the Court's conclusion.[2]

Likewise, the Court cannot find that Fried Frank's conduct was so egregious such as to warrant Section 1927 sanctions. The undersigned is sympathetic to Snow's representation that he was forced to expend time, money, and energy researching and preparing to rebut an antitrust claim which never should have been brought against him in the first place. Fried Frank, as a general matter, certainly did not cover itself in glory during the brief pendency of this action. However, a party's scrivener's error, and subsequent failure to fully correct that error, does not meet the "high standard" required to impose sanctions under Section 1927. *Amlong*, 500 F.3d at 1242. Sloppy lawyering does not equate to bad faith. *See Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (holding that "Section 1927 is not about mere negligence," rather "bad faith is the touchstone").

---

[2] This is not to suggest that the relative complexity of an area of law is a get out of jail free card under Rule 11. Here, though, Tristar's claims were novel because they relied on the nuances and machinations of several different complicated areas of law. The various combinations raised issues that courts had seldom addressed. That won't be true for every case that draws on concepts from neighboring bodies of law.

CASE NO. 3:24-cv-238-MCR-HTC

Accordingly, it is **ORDERED** that:

1. Telebrands' and Snow's respective motions for sanctions, ECF Nos. 62 & 69, are **DENIED**.

2. Snow's motion to strike the declaration of Dr. Nancy J. Linck, ECF No. 64, is **DENIED**.[3]

3. The Clerk is directed to close the file.

**DONE AND ORDERED** this 15th day of August 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court did not rely in any way on Dr. Linck's declaration in reaching its decision today.